16-CV7684

**AFFIDAVIT OF SELINA DELEON**

FILED
OCT 1 1 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

I, Selina DeLeon, declare and depose under penalty of perjury as follows:

1. On or about September 27, 2016, I received the attached letter and subpoena from Comcast, Exhibit A hereto.

2. I reviewed plaintiff's complaint at the Pro Se Office in the federal building on October 4, 2016.

3. I have never downloaded, "swarmed," or seen plaintiff's movie, <u>London Has Fallen</u>. I have never distributed or reproduced that movie. I have no copies of that movie.

4. The only movies I have ever watched in my home were free On Demand movies on my TV. I have never streamed or downloaded any movie on my home computer.

5. At the time of the alleged downloading, 1:21 A.M. on June 2, 2016, I was asleep. I was at that time a full-time student at the Illinois Institute of Art. I left my home at approximately 6:20 A.M. to catch my train.

Date: October 4, 2016

x _____

Selina S. DeLeon



NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

9/22/2016

**Personal and Confidential**

**Via UPS & USPS Delivery**

SELINA DELEON
8058 S EXCHANGE AVE
CHICAGO, IL 60617

    Re:    *LHF Productions, INC v. Does 1-23*
            United States District Court for the Northern District of Illinois
            Docket No.: 1:16-cv-07684
            Order Entered: 9/8/2016
            Comcast File #: 767029

Dear Selina Deleon:

    *LHF Productions, INC* has filed a federal lawsuit in the United States District Court for the Northern District of Illinois. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing *LHF Productions, INC*'s copyrights on the Internet by uploading or downloading content without permission. This was allegedly done using a device assigned the IP address 73.8.24.102 on 06/02/2016 01:21:17 GMT. The court has ordered Comcast to supply your name, address and other information to *LHF Productions, INC* in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 1:16-cv-07684 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice.**

    Comcast will provide your name, address, and other information as directed in the Order and Subpoena unless you or your attorney file a protective motion to quash or vacate the Subpoena in the court where the subpoena was issued **no later than 10/24/2016**. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to (866) 947-5587 **no later than 10/24/2016**. Please note that Comcast cannot accept or file any legal action on your behalf. If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff.

    If you have legal questions about this matter, please contact an attorney.

                                            Sincerely yours,

                                           Comcast Legal Response Center

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| LHF PRODUCTIONS, INC. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 16-cv-7684 |
| DOES 1-23 ) | |
| ) | (If the action is pending in another district, state where: ) |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Subpoena Compliance/Custodian of Records: Comcast Cable Communications Management, LLC, c/o The Corporation Company, 118 W. Edwards Street, Suite 200, Springfield, IL 62704

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: In accordance with the conditions of the attached Order, provide the name and current address of the person whose IP address is listed in the attached spreadsheet. We will provide data to you in the most efficient and cost-effective format if you inform us of your preferred format.

| Place: Hughes Socol Piers Resnick & Dym, Ltd. 70 West Madison Street, Suite 4000 Chicago, IL 60602 | Date and Time: 10/13/2016 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: SEPT. 13, 2016

CLERK OF COURT

_____  OR  _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _LHF Productions, Inc._ , who issues or requests this subpoena, are:

Michael A. Hierl, Hughes Socol Piers Resnick & Dym, Ltd., 70 West Madison Street, Suite 4000, Chicago, IL 60602; mhierl@hsplegal.com; (312) 604-0067

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 16-cv-7684

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

| IP Address | HitDate/Time (UTC) | Port No. |
|---|---|---|
| 76.16.19.247 | 2016-06-02 00:01:11 | |
| 98.223.207.6 | 2016-06-02 00:17:45 | |
| 73.209.166.122 | 2016-06-02 00:25:34 | |
| 73.72.185.101 | 2016-06-02 00:28:58 | |
| 73.176.161.98 | 2016-06-02 00:32:13 | |
| 69.136.167.199 | 2016-06-02 01:07:10 | |
| 73.8.24.102 | 2016-06-02 01:21:17 | |
| 24.1.219.174 | 2016-06-02 01:42:44 | |
| 71.201.226.20 | 2016-06-02 01:46:42 | |
| 73.246.50.140 | 2016-06-02 01:49:23 | |
| 67.173.48.155 | 2016-06-02 01:49:51 | |
| 73.208.53.250 | 2016-06-02 01:50:21 | |
| 73.44.63.150 | 2016-06-02 01:53:19 | |
| 71.194.250.178 | 2016-06-02 01:53:45 | |
| 73.50.40.197 | 2016-06-02 02:02:39 | |
| 71.239.76.86 | 2016-06-02 02:59:25 | |
| 98.213.80.26 | 2016-06-02 03:11:33 | |
| 73.45.32.93 | 2016-06-02 03:22:33 | |
| 73.209.120.128 | 2016-06-02 03:32:13 | |
| 50.129.163.14 | 2016-06-02 03:52:12 | 6890 |
| 71.201.115.79 | 2016-06-02 04:04:37 | |
| 73.44.168.201 | 2016-06-02 04:11:58 | |
| 67.165.138.200 | 2016-06-02 04:53:09 | |

Case: 1:16-cv-07684 Document #: 12 Filed: 09/08/16 Page 1 of 1 PageID #:74

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.1.1
Eastern Division

LHF Productions, INC

Plaintiff,

v.

Case No.: 1:16−cv−07684
Honorable Joan B. Gottschall

Does 1−23

Defendant.

NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, September 8, 2016:

MINUTE entry before the Honorable Joan B. Gottschall: Plaintiff's motion for leave to take discovery prior to Rule 26(f) Conference [8] is granted. Motion hearing set for 9/9/16 is stricken; no appearance required. Mailed notice(mjc, )

ATTENTION: This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.